The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| GHASSAN H. KABBARA, | ) CASE NO. 07-63232 |
| | ) |
| Debtor. | ) ADV. NO. 09-6117 |
| | ) |
| ANTHONY J. DEGIROLAMO, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| BANK OF AMERICA, | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| Defendant. | ) |
| | ) |

    Plaintiff, the chapter 7 trustee, filed a motion for summary judgment on June 25, 2010 seeking a determination that a prepetition payment to Defendant was a preferential transfer under 11 U.S.C. § 547. Defendant opposes summary judgment, arguing first that the transfer was not property of the debtor, and was therefore not a preferential transfer, and second, that the transfer was made in the ordinary course of business and is not subject to avoidance.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C.

§ 157(b). The following constitutes the court's findings of fact and conclusions of law.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Debtor filed a chapter 7 petition on October 24, 2007. At the time, he had ownership interests in several businesses, including Martindale Foundation Systems, Inc. ("MFS"). He is a 66.66% shareholder of MFS.

MFS experienced financial difficulties. In January 2007, Debtor took a $45,000.00 cash advance from Defendant and deposited the money in his personal account. He then loaned $40,000.00 to MFS and kept $5,000.00 for his personal use. For the next several months, Debtor made sporadic payments on the account. On or about July 30, 2007, MFS paid Defendant $44,273.98 directly in repayment of the advance taken by Debtor for MFS' benefit. The check (#7303) was drawn on an MFS account. The payment repaid the loan between Debtor and MFS.

## LAW AND ARGUMENT

Plaintiff moves for summary judgment under Federal Rule of Bankruptcy Procedure 7056, which incorporates Rule 56 into bankruptcy practice. The rule provides, in part

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

2

Plaintiff contends the elements of a preference under section 547(b) are established from the facts contained in the record. The elements are set forth in the statute, which permits a trustee to avoid

> (b)   ... any transfer of an interest of the debtor in property-
>
>     (1)   to or for the benefit of the creditor;
>
>     (2)   for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>     (3)   made while the debtor was insolvent;
>
>     (4)   made-
>
>         (A)   on or within 90 days before the filing of the petition; or
>
>         (B)   between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>     (5)   that enables such creditor to receive more than such creditor would receive if-
>
>         (A)   the case were a case under chapter 7 of this title;
>
>         (B)   the transfer had not been made; and
>
>         (C)   such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The only element at issue between the parties is the first, whether the transfer made to Defendant was a transfer of Debtor's interest in property.

Plaintiff argues that the transfer was Debtor's property. Although paid from the MFS account, it was money owed to Debtor. Instead of repaying the loan to Debtor, and issuing the payment from Debtor's personal account, MFS merely paid Defendant directly. Since MFS owed Debtor money, it simply paid Debtor's obligation instead of

3

paying Debtor. Defendant contends the transfer was not Debtor's property, but that of a third party, specifically MFS, and that the trustee cannot recover non-debtor property.

Plaintiff has the better argument. Three transactions underlie this dispute: (1) a transaction between Debtor and Defendant, whereby Debtor incurred a debt, (2) a transaction between Debtor and MFS, whereby Debtor made a loan with the money advanced from Defendant, and (3) a payment from MFS to Defendant which paid off the loan taken from Defendant by Debtor. MFS never transacted with Defendant. Consequently, there was no debt owed between MFS and Defendant. But for Debtor, MFS did not have cause to pay Defendant.

This factual distinction is why Defendant's reliance on Brown v. First Nat'l Bank of Little Rock, 748 F.2d 490 (8th Cir. 1984), and Stover v. Fulkerson (In re Bruening), 113 F.3d 838 (8th Cir. 1997), is misplaced. In Brown, the corporation executed a note with the bank, guaranteed by three individuals affiliated with the corporation. When the corporation defaulted, the guarantors used their personal funds to repay the loan. The trustee sought to recover the payments for the corporation's bankruptcy estate, and the court denied relief, finding the transfers were not the debtor-corporation's property.

The transfer of the personal funds of the guarantors did not diminish the debtor-corporation's estate because the funds were the sole property of the individuals and used to satisfy their obligations to the bank. The payment released the guarantors of their personal liability on the guarantee. They were co-obligors with the corporation. Brown stands for the proposition that a trustee cannot recover a third-party transfer made by a co-obligor. In the present case, MFS was not a co-obligor on the debt owed Defendant. See also Crocker v. Braid Elec. Co. (In re Arnold), 908 F.2d 52 (6th Cir. 1990).

This conclusion goes hand in hand with the requirement that a preferential payment must deplete assets of the debtor's estate. McLemore v. Third Nat'l Bank in Nashville (In re Montgomery), 983 F.2d 1389 (6th Cir. 1993) (citing Mandross v. Peoples Banking Co. (In re Hartley), 825 F.2d 1067, 1070 (6th Cir. 1987)). When a third-party transfers its own property in satisfaction of a debt, the debtor's estate is not diminished. Some courts phrase the inquiry as whether, absent the transfer, the property would be included in debtor's estate. See Begier v. IRS, 496 U.S. 53 (1990); Michalski v. State Bank and Trust (In re Taco Ed's, Inc.), 63 B.R. 913 (Bankr. N.D. Ohio 1986). There is no dispute that the money paid by MFS to Defendant was owed to Debtor. As a result, had the money not been transferred to MFS, it would have been available to satisfy the obligations of Debtor's creditors.

The other case cited by Defendant, Bruening, actually supports Plaintiff's argument. Prepetition, the Bruening defendant sold cattle to the debtor. The transfer at issue, claimed as a preference by the trustee, was paid through debtor's company account. The funds for the payment were traced to a deposit from debtor's account to the

4

company's account. The court specifically found that debtor was personally liable on the sale and that the funds paid by the company "were earmarked from the first for [seller], and that [the company] was a mere conduit for them." Bruening at 842. The result was a finding that the funds, although paid from the company, were a transfer of the debtor's interest in property. The same facts are present here: the company was not liable on the underlying obligation and the facts show that the company merely acted as a straw man in the transaction. Cf. Zaremba v. Pheasant (In re Continental Capital Inv. Serv., Inc.), 2006 WL 6179374 *5 (Bankr. N.D. Ohio 2006) (unpublished) (stating "[t]o the extent [debtor] was used merely as a conduit for the transfer of funds to and from Debtors, a debtor/creditor relationship existed between Defendant and Debtors.") Consequently, the same result in Bruening is compelled here: the transfer was of an interest of Debtor's property. The court finds that Plaintiff established the elements of a preferential transfer.

Utilizing Defendant's logic, no payment by check would ever be a preference. Money paid by check comes from the bank, not the account holder. The bank only pays because it has a debt to the account holder, which debt is reduced by virtue of paying the holder, just like MFS paid because of its debt to Debtor. The mitosis of madness that would follow further extensions of the reasoning would be boundless.

Defendant defends against avoidance of the preferential transfer, arguing it was made in the ordinary course of business. Plaintiff strenuously contests Defendant's evidentiary foundation for the defense. According to Plaintiff, the record is lacking because the affidavit submitted by Defendant is not properly attested, nor are the credit card statements certified, making both inadmissible. The court declines to address these issues at the present time because the defense fails as a matter of fact and law.

The ordinary course of business defense insulates a transfer when the transfer is made

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2). Here, the nominal transferee is MFS. Defendant provided a synopsis of a partial history of dealing between Debtor and itself. It is not a full history. Defendant rests its entire defense on the claim that "there was a history of large advances and large payments." (Supp. to Def.'s Memo. in Opp. to M. Summ. J., p. 2.) . There is no discussion of the law or any of the allegedly similar transactions. It is the creditor's duty to prove, by a preponderance of the evidence, the existence of the defense. 11

5

U.S.C. § 547(g); Luper v. Columbia Gas of Ohio (In re Carled, Inc.), 91 F.3d 811 (6th Cir. 1996). Defendant failed to carry its burden.

To succeed, Defendant must prove the ordinariness of Debtor's incurrence of the debt, as well as the ordinariness of the payment of the debt. Additionally, Defendant must demonstrate comports with industry standards. As explained by the Sixth Circuit,

> subsections (B) and (C) of § 547(c)(2) embody a subjective and objective component. Logan v. Basic Distrib. Corp. (In re Fred Hawes Org., Inc.), 957 F.2d 239, 244 (6th Cir.1992). 'The subjective prong (subsection (B)) requires proof that the debt and its payment are ordinary in relation to other business dealings between that creditor and that debtor. The objective prong (subsection (C)) requires proof that the payment is ordinary in relation to the standards prevailing in the relevant industry.' Luper, 91 F.3d at 813. In Luper, the Sixth Circuit joined the "clear consensus" among the other courts of appeals that the definition of "'ordinary business terms" [under § 547(c)(2)(C) ] means that the transaction was not so unusual as to render it an aberration in the relevant industry.' Id. at 818 (collecting cases from other circuits).

Nathan v. American Med. Sec., Inc. (In re Advanced Sys. Int'l, Inc.), 234 Fed.Appx. 398, 401 (6th Cir. 2007) (unpublished).

Subjectively, it is not clear that the $45,000.00 cash advance was ordinary between the parties. First, there are only five other similar advances noted, so there is a limited comparable history. This is the largest advance noted in the four-plus year history provided. Second, by a slight margin, it resulted in the highest balance on the account in its history. According to Debtor, he took the advance after he was offered a promotional 2.99% interest rate. There is nothing in the record to indicate whether other advances were taken at times similar offers were made.

Defendant also failed to make any argument that the payment was ordinary in relation to the parties' previous dealings. The history demonstrates that, prior to the $45,000.00 advance, Debtor generally made at least the minimum payment on the account. However, following this transaction, it appears Debtor had more difficulty meeting his payment obligations. Prior to February 2007, the account balance generally increased only following the month an advance was taken. However, after this advance, the balance increased almost monthly as a result of the missed payments. Clearly, this was not ordinary between the parties.

6

Defendant introduced absolutely no arguments on the prevailing industry standards. Consequently, there is no proof, objective or otherwise, of the section 547(c)(2)(C) prong of the ordinary course defense. For these reasons, the court finds Defendant did not demonstrate that the preferential transfer is protected from the trustee's avoidance powers under the ordinary course of business defense.

## **CONCLUSION**

MFS owed Debtor money. It did not owe Defendant money. When it paid Defendant, MFS transferred Debtor's property to satisfy Debtor's obligation. As a result, Plaintiff successfully proved that the transfer was an interest in Debtor's property. With no dispute as to the other elements, Plaintiff proved the existence of a preferential transfer. Defendant failed in its attempt to claim a defense to avoidance of the preference under the ordinary course of business defense. There was no argument that the advance taken by Defendant, nor the payment made by Debtor, was ordinary as between the parties or under the relevant industry standards. Plaintiff is therefore entitled to recover the preferential payment.

An order effectuating this decision shall be entered forthwith.

#   #   #

**Service List:**

Chrysanthe E Vassiles
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Stephen D Miles
18 W Monument Ave
Dayton, OH 45402